# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **SHARON VICKERS,** | ) |
| | ) |
| Plaintiff, | ) Case No. |
| | ) |
| v. | ) |
| | ) **JURY DEMANDED** |
| **RIVERVIEW REGIONAL** | ) |
| **MEDICAL CENTER, LLC,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** Plaintiff, Sharon Vickers ("Plaintiff" or "Ms. Vickers"), by and through her undersigned counsel of record, and files this Complaint against Defendant, Riverview Regional Medical Center, LLC ("Defendant"). As grounds for this Complaint, Plaintiff states the following:

## JURISDICTION AND VENUE

1. This is a suit authorized and brought to secure protection of and to redress the deprivation of rights secured by the Family Medical Leave Act of 1993, codified at 29 U.S.C. § 2601 et seq. ("FMLA").

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2).

3. The venue of this action is properly placed in the Northern District of Alabama pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claims accrued in Etowah County, Alabama.

## PARTIES

4. Plaintiff is a citizen of the United States of America, over the age of nineteen (19) years, and a resident of Etowah County, Alabama.

5. Plaintiff is an FMLA "eligible employee" in that she worked for the Defendant for more than twelve (12) months and had worked more than 1,250 hours within the twelve (12) months preceding her request for leave under the FMLA.

6. Defendant is a foreign limited liability company located in Etowah County, Alabama, whose principal address is 600 South 3rd Street, Gadsden, Alabama 35901.

7. Defendant is an "employer" per 29 U.S.C. § 2611(4) in that it engages in commerce or any industry affecting commerce which employs fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year.

8. Defendant was Plaintiff's employer at all times relevant to this Complaint.

# FACTS

9. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through eight (8) above with the same force and effect as if fully set forth herein.

10. Plaintiff suffers from a serious medical condition, mitral valve prolapse syndrome/ dysautonomia ("MVPS").

11. Prior to being terminated, Plaintiff worked for Defendant for over twenty (20) years, most recently as a Human Resources ("HR") Assistant.

12. Plaintiff reported directly to Lee Powell ("Mr. Powell"), Defendant's HR Director.

13. As HR Director, Mr. Powell is both aware of Defendant's obligations under the FMLA and responsible for ensuring Defendant's compliance with the FMLA.

14. On November 7, 2016, Plaintiff missed work due to a complication of her MVPS.

15. That morning, Plaintiff sent a text message to Mr. Powell, informing him that she would be absent.

16. That same day, after a visit with her physician, Plaintiff sent another text message to Mr. Powell advising him of her need to exercise her right to leave under the FMLA due to her MVPS.

17. Plaintiff also spoke to HR Representative, Debra, and asked her to fax the necessary FMLA documentation to her physician.

18. At the time of Plaintiff's request, she met all eligibility requirements under the FMLA and should have been granted leave.

19. Plaintiff was employed by Defendant for more than twelve (12) months prior to the start of her requested leave, having been employed by Defendant for over twenty (20) years.

20. Plaintiff worked in excess of one-thousand two-hundred fifty (1,250) hours during the twelve (12) months prior to the requested start of her FMLA leave.

21. Plaintiff's reason for requesting FMLA leave fell within FMLA as it was due to "a serious health condition that makes the employee unable to perform the functions of the position of such employee," per 29 U.S.C. § 2612(a)(1)(D).

22. Plaintiff suffers from a serious health condition, defined as an "illness, injury, impairment or physical or mental condition that involves inpatient care or continuing treatment by a healthcare provider," under 29 U.S.C. § 2611(11).

23. Plaintiff was entitled to leave under the FMLA.

24. Despite her need for leave under the FMLA to recover from her recent complications associated with her serious health condition, Mr. Powell responded to Plaintiff's text message by stating, "We need to further discuss. I will see you in the morning."

25. Plaintiff agreed to meet with Mr. Powell on November 8, 2016.

26. Plaintiff's physician completed and submitted the FMLA leave paperwork to Defendant on November 8, 2016.

27. At this point, Defendant had full knowledge of Plaintiff's need for FMLA leave.

28. However, when Plaintiff arrived for her meeting with Mr. Powell on November 8, 2016, instead of approving her request for FMLA leave or even discussing it with her, Defendant terminated Plaintiff on the spot.

29. In retaliation against Plaintiff for engaging in the statutorily protected conduct of requesting FMLA leave, Defendant willfully subjected Plaintiff to an unlawful employment action, in violation of the FMLA, by terminating her employment.

30. Defendant willfully and intentionally interfered with Plaintiff's FMLA right to utilize FMLA leave when it terminated her employment.

31. Defendant's willful and unlawful interference and retaliation resulted in significant financial and emotional damage to Plaintiff.

## COUNT I: FMLA INTERFERENCE

32. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through thirty-one (31) above with the same force and effect as if fully set forth herein.

33. Plaintiff requested FMLA leave due to a serious health condition, MVPS.

34. Plaintiff was an eligible employee under the applicable provisions of the FMLA.

35. On November 7, 2016, Plaintiff informed Mr. Powell that she would be absent from work due to complications associated with her serious health condition.

36. Later that day, Plaintiff advised Mr. Powell of her need for leave under the FMLA.

37. Plaintiff's physician then completed and submitted the necessary paperwork and documentation for FMLA leave to Defendant on November 8, 2016.

38. Defendant requested to meet with Plaintiff on November 8, 2016.

39. Importantly, as Defendant's HR Director, Mr. Powell was both aware of Defendant's obligations under the FMLA and responsible for ensuring Defendant's compliance with the FMLA when he requested to meet with Plaintiff.

40. When Plaintiff arrived for the meeting, instead of approving her request for FMLA leave or even discussing it with her, Mr. Powell terminated her employment.

41. Despite Plaintiff's qualification under the FMLA and submission of the necessary documentation, Defendant refused to grant Plaintiff FMLA leave, thereby willfully interfering with her statutory right to FMLA leave.

42. As Defendant's HR Director, Mr. Powell, willfully evaded Defendant's obligations and responsibilities under the FMLA when he terminated Plaintiff's employment, interfering with Plaintiff's right FMLA leave.

43. Defendant willfully deprived Plaintiff of the benefits to which Plaintiff was entitled under the FMLA.

44. Defendant's willful interference with Plaintiff's rights under the FMLA violated the FMLA, 29 U.S.C. § 2615(a)(1), which states it "shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under this title."

45. Mr. Powell knew his actions were in violation of 29 U.S.C. § 2615(a)(1).

46. Defendant's actions in interfering with Plaintiff's right to FMLA leave, and subsequently terminating her employment, resulted in serious damage to Plaintiff.

## COUNT II: FMLA RETALIATION

47. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through forty-six (46) above with the same force and effect as if fully set forth herein.

48. Plaintiff's request for FMLA leave was due to a serious health condition, MVPS.

49. Plaintiff informed Mr. Powell that she would be absent from work due to complications associated with her serious medical condition on November 7, 2016.

50. Later that day, Plaintiff advised Mr. Powell of her need to exercise her right to leave under the FMLA.

51. The following day, Plaintiff's physician completed and submitted to Defendant the necessary paperwork and documentation for FMLA leave.

52. Mr. Powell is Defendant's HR Director; as such, he is fully aware of Defendant's obligations under the FMLA, in addition to being responsible for ensuring Defendant's compliance with the FMLA.

53. Rather than consider Plaintiff's leave request, Mr. Powell requested to meet with Plaintiff on November 8, 2016, intending to terminate her for requesting FMLA leave.

54. As a result of Plaintiff's request and need to take FMLA leave, Defendant terminated her employment when she arrived for the meeting without even discussing her request for leave.

55. Mr. Powell, as Defendant's HR Director, willfully evaded Defendant's obligations and responsibilities under the FMLA when he terminated Plaintiff's employment.

56. Defendant willfully and unlawfully terminated Plaintiff's employment because she exercised her rights under the FMLA, which is statutorily protected conduct.

57. Defendant willfully retaliated against Plaintiff by terminating her employment, in violation of the FMLA, U.S.C. §§ 2601, et. seq.

58. Defendant's actions in retaliating against Plaintiff resulted in serious damage to Plaintiff.

WHEREFORE, Plaintiff respectfully requests this Court grant to Plaintiff the following:

    A. Back pay for lost income and any other compensatory damages;

    B. Reinstatement, or front pay if the Court finds reinstatement to be impracticable;

    C. Liquidated damages equal to the amount awarded in back pay;

    D. A reasonable attorneys' fee;

    E. Plaintiff's costs and expenses;

    F. Interest on all monies owed; and

    G. Any other relief the Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

                                              Respectfully submitted,

                                              *s/ Joshua A. Wrady*
                                              Joshua A. Wrady (ASB-9617-J68W)
                                              *Attorney for Plaintiff*

**WRADY MICHEL & KING**
505 20th Street North, Suite 1650
Birmingham, Alabama 35242
Joshua@wmalabamalaw.com
Tel:   (205) 980-5704
Fax:   (205) 994-2819


**DEFENDANT TO BE SERVED BY PROCESS SERVER AT THE FOLLOWING ADDRESS:**

    Riverview Regional Medical Center, LLC
    c/o CORPORATION SERVICE COMPANY INC
    641 SOUTH LAWRENCE STREET
    MONTGOMERY, AL 36104